# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| ANTHONY R. BIBBS, as surviving spouse of Delia Bibbs, and JOHN W. ROYAL, DIANA M. BIBBS, and ANTHONY R. BIBBS, JR, surviving children of Delia Bibbs, ) ) ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) TOYOTA MOTOR CORPORATION, ) TOYOTA MOTOR SALES, USA, ) INC., and JASON CRAIG ) TINDELL, ) ) Defendants. ) | CIVIL ACTION FILE NO. 1:15-cv-02607-RWS |

## FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH

COME NOW Plaintiffs Anthony R. Bibbs as surviving of Delia Bibbs and John W. Royal, Diana M. Bibbs and Anthony R. Bibbs as the surviving children of Delia Bibbs, and file this Complaint for Wrongful Death against Defendants Toyota Motor Corporation, Toyota Motor Sales, USA, Inc., and Jason Craig Tindell, and respectfully show the Court as follows[1]:

---

[1] Plaintiffs files this First Amended Complaint without waiving their right to seek remand of this case to the State Court of Gwinnett County where jurisdiction is proper. Plaintiffs do not consent to the jurisdiction of this Court and expressly reserve the right to move to remand this case.

## PREAMBLE

On September 19, 1992, Delia Bibbs was driving her 1986 Toyota van westbound on Old Peachtree Road at its intersection with Georgia Highway 20 in Gwinnett County, Georgia. In the car with her were her three minor children, to wit: Wesley Royal (age 15), Diana Bibbs (age 2), and Anthony Bibbs Jr, (age 1). All four were wearing their seatbelts or properly restrained in car seats. As Delia Bibbs proceeded through the intersection on a green light, Defendant Jason Tindell disregarded a red light and entered the intersection resulting in a collision between the two vehicles. The Toyota van's driver's seatbelt buckle contacted the center console of the van, releasing the safety restraint and allowing Delia Bibbs to be thrown across the vehicle into the right front passenger door. As Delia and Wesley (who was riding in the right front passenger seat) impacted the passenger door, the van's door locking system failed, permitting the door to swing open, resulting in their ejection. Delia Bibbs suffered a closed-head injury from impact with the pavement resulting in brain damage, which injury left her in a coma. On October 1, 1994, a jury in Fulton County State Court reached a verdict in Plaintiff's favor, a true and correct copy of the Verdict rendered by the jury is attached hereto as "Exhibit A." In that Verdict, the jury awarded Anthony R. Bibbs, as Adult Legal Guardian of Delia Bibbs, the following sums:

(a) Past medical expenses in the amount of $446,100.00;

(b) Future life care expenses in the amount of $6,000,000.00; and

(c) Past and future pain and suffering in the amount of $30,000,000.00.

**THE VERDICT DID NOT INCLUDE A CLAIM OR RECOVERY FOR WRONGFUL DEATH.** Delia Bibbs remained in a coma until she died at the age of 58 on October 5, 2014. Her premature and untimely death resulted directly from the injuries caused by the Defendants. Delia Bibbs is survived by her husband Anthony Bibbs, Sr. and her three children Wesley Royal (age 37), Diana Bibbs (age 25) and Anthony Bibbs, Jr (age 24).

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Anthony R. Bibbs is Delia Bibb's surviving spouse and lives at 1472 Derby Downs Drive, Lawrenceville, Gwinnett County, Georgia 30243. In 1992, Anthony R. Bibbs was appointed as the legal guardian of Delia Bibbs, as an incapacitated adult, and remained in that position until her death on October 5, 2014.

2.

Plaintiffs John W. Royal, Diana M. Bibbs and Anthony R. Bibbs Jr. are the surviving children of Delia Bibbs and are all residents of 3350 Rollins Rd., Zachary, LA 70791.

3.

Defendant Toyota Motor Corporation ("Toyota Japan") is a foreign corporation headquartered in Japan transacting business in the State of Georgia. Service may be perfected upon Defendant Toyota Japan by acceptance of service, by registered mail pursuant to The Convention On The Service Abroad Of Judicial Or Extrajudicial Documents In Civil Or Commercial Matters, commonly referred to as The Hague Convention, at 1 Toyota-Cho, Toyota City, Aichi Prefecture, 471-8571, Japan, or through its wholly-owned subsidiary and agent for service of process, Toyota Motor Sales, U.S.A. Defendant Toyota Japan is subject to the jurisdiction of and venue in this Court pursuant to and in accordance with O.C.G.A. §§ 9-10-91 and 14-2-510.

4.

Defendant Toyota Motor Sales, USA, Inc., ("Toyota USA") is a wholly-owned subsidiary of Defendant Toyota Japan.   Service of process may be perfected upon Defendant Toyota USA by serving its registered agent for service of process, Corporation Process Company, at its registered address, which is 2180 Satellite Blvd., Suite 400, Duluth, Gwinnett County, Georgia 30097.   Defendant Toyota USA is subject to the jurisdiction of and venue in this Court pursuant to and in accordance with O.C.G.A. §§ 9-10-91 and 14-2-510. Toyota Japan and Toyota USA are collectively referred to herein as the "Toyota Defendants."

5.

Defendant Jason Craig Tindell resides at 4947 McKinley Drive, Lula, GA 30554.  Defendant Tindell is subject to the jurisdiction of and venue in this Court pursuant to O.C.G.A. § 9-10-31.

## OPERATIVE FACTS

6.

On September 19, 1992, Delia Bibbs was driving a 1986 Toyota Van, V.I.N. JT4YR29V9G5020862. Delia Bibbs and her three children, Anthony Bibbs, Jr., Diana Bibbs and Wesley Royal, were traveling west on Old Peachtree Road in the 1986 Toyota Van. Defendant Jason Craig Tindell was traveling south on S.R. 20 in a 1986 Chevrolet Cavalier.

7.

Delia Bibbs was proceeding through a green light at the intersection of Old Peachtree Road and S.R. 20 when Jason Craig Tindell disregarded a stop signal and entered the intersection against a full red light. The 1986 Chevrolet Cavalier Tindell was driving struck the Toyota Van that Delia Bibbs was driving.

8.

As a direct and proximate result of the combined negligence of the Defendants and of the defects in the 1986 Toyota Van, Delia Bibbs suffered severe

and permanent injuries when her seat belt was released upon striking the center console in the van, and Delia Bibbs was ejected through the open right front passenger door of the vehicle, which unexpectedly opened during the collision. As a result thereof, Delia Bibbs, who was thirty-six years old at the time, suffered injuries, including a closed-head injury, and went into a coma from which she never recovered.

9.

Delia Bibbs remained in a coma until the time of her death on October 5, 2014, from complications arising from her comatose state. She was 58 years old.

10.

But for the defects in the 1986 Toyota Van, Delia Bibbs would not have died a premature and untimely death at age 58.

11.

Defendant Toyota Japan designed, manufactured, and distributed the 1986 Toyota Van and placed it in the channels of international and interstate commerce.

12.

Defendant Toyota USA distributed and sold the 1986 Toyota Van in the United States.

13.

On December 30, 1992, Anthony Bibbs, Sr., ("Mr. Bibbs, Sr.") filed a lawsuit against the Defendants seeking to recover for the personal injuries sustained by Delia Bibbs and for his own loss of consortium ("Bibbs I"). Mr. Bibbs, Sr. brought claims against the Toyota Defendants for negligence, strict liability, failure to warn, breach of warranty, and punitive damages. He also brought a claim against Defendant Tindell for negligence.

14.

After almost two years of extensive litigation, the Bibbs I case was tried between September 19, 1994 and October 1, 1994, in a trial presided over by Judge Melvin K. Westmoreland of the Fulton County State Court. All parties to Bibbs I had a full and fair opportunity to present their case to the jury.

15.

While the jury was deliberating, Mr. Bibbs Sr. and the Toyota Defendants entered into a confidential "High-Low" agreement to settle the claims that were, or could have been brought by Mr. Bibbs Sr. against the Toyota Defendants in the Bibbs I case. The jury's verdict would set the amount of the settlement payment from the Toyota Defendants.

16.

The jury returned a verdict in favor of Mr. Bibbs Sr. and against all Defendants, apportioning $8,000 of damages to Defendant Tindell; and the remainder of the damages against the Toyota Defendants as follows:

(a) Past medical expenses in the amount of $446,100.00;

(b) Future life care expenses in the amount of $6,000,000.00; and

(c) Past and future pain and suffering in the amount of $30,000,000.00.

A true and correct Verdict of the jury is attached hereto as Exhibit A.

17.

The jury also found that punitive damages should be imposed against the Toyota Defendants, although it did not determine an amount as a result of the parties' settlement agreement.

18.

The jury's verdict finding Defendant's liable for causing Delia Bibbs' injuries is binding in this action by the terms of the confidential high/low agreement. Therefore the Toyota Defendants are estopped from contesting its liability for causing Delia Bibbs' injuries in this case. Therefore, the only question in this action is to what extent the Toyota Defendants are liable for compensatory damages for the wrongful death of Delia Bibbs.

19.

After the jury returned its verdict, Mr. Bibbs Sr. and the Defendants attempted to reach agreements about the scope of releases that would be signed by Mr. Bibbs Sr.

20.

The Toyota Defendants contended that Mr. Bibbs Sr. had agreed to settle all claims arising out of the accident, including a *potential future wrongful death claim*. Mr. Bibbs Sr. disagreed, pointing the Toyota Defendants to his counsel's agreement to settle all claims that *were, or could have been, brought in the Bibbs I case,* which could not have included a claim for wrongful death because Delia Bibbs was still alive.

21.

After the parties could not reach agreement about the release, the Toyota Defendants filed a motion to "enforce the settlement agreement" to include a potential wrongful death claim in the trial court. The trial court denied the motion. The Toyota Defendants then appealed the trial court's order denying the motion to include a potential wrongful death claim in the parties' settlement to the Georgia Court of Appeals. The Court of Appeals affirmed the trial court. The Toyota Defendants then petitioned for certiorari to the Georgia Supreme Court. The

Georgia Supreme Court denied the petition for certiorari.  After the Georgia Supreme Court denied their petition for certiorari, the Toyota Defendants relented and paid the settlement amount.

22.

The Toyota Defendants filed no appeal seeking to challenge any of the trial court's other rulings or to challenge the jury's verdict.

23.

Plaintiff Anthony Bibbs Sr. later entered into a settlement agreement with Defendant Tindell that included any and all claims arising out of the accident. Plaintiffs John W. Royal, Diana M. Bibbs, and Anthony Bibbs, Jr. were minors at the time of the settlement, were not parties to the settlement agreement with Defendant Tindell, and no guardian was appointed to represent their interests in the settlement with Defendant Tindell.  The settlement, therefore, is not binding on them to the extent such settlement purported to settle any wrongful death claims. Plaintiff is the appropriate party to bring claims on behalf of the children pursuant to Lynn v. Wagstaff, 128 Ga. App. 516, 191 S.E. 2d 324 (1972). See also Matthews v. Douberley, 207 Ga. App. 578, 582, 428 S.E.2d 588, 591 (1993).

COUNT ONE

(Negligence of Toyota Japan and Toyota USA)

24.

Plaintiff Anthony Bibbs Sr. herein incorporates by reference the allegations contained in Paragraphs 1 through 23 as if set forth herein.

25.

Plaintiff Anthony Bibbs Sr. shows that the subject 1986 Toyota Van, which was designed, manufactured, and distributed by Defendant Toyota Japan, and distributed and sold by Defendant Toyota USA, was in a defective condition at the time of its first distribution and sale for use. Plaintiff Anthony Bibbs Sr. further shows that the defective condition existing in the vehicle included, but was not limited to,

    (a)   a defective design of the seat belt and console interface which allowed for unexpected and unintentional opening of the belt during collisions;

    (b)   a defective door latching/locking assembly which allowed for unexpected and unintentional opening of the door during collisions;

    (c)   lack of crashworthiness; and

    (d)   the failure to warn and to continue to warn users, purchasers and registered owners of such vehicles, including Delia Bibbs and Anthony Bibbs by letter, recall notice, or other reasonable means of the dangerous characteristics and

properties of the 1986 Toyota Van.

26.

The Toyota Defendants had a duty to exercise reasonable care to design, engineer, test, manufacture, inspect, market, distribute and sell safe vehicles, so as to not subject purchasers or users to an unreasonable risk of harm.  The Toyota Defendants breached their duty to exercise reasonable care with respect to the 1986 Toyota Van.  The Toyota Defendants also failed to utilize economical and technically available safety design alternatives in the design of the seat belt and console and the design of the door latching/locking mechanism.

27.

The Toyota Defendants USA were negligent and acted in a willful and wanton manner in designing, testing, and/or manufacturing, inspecting, marketing, distributing and selling the 1986 Toyota Van in such a manner and in such condition as to cause unexpected and unintentional opening of the belt during incidents of the type involved herein; as to cause unexpected unlatching of the door during incidents of the type involved herein; and as to result in a vehicle that was not reasonably crashworthy.

28.

The subject collision of the 1986 Toyota Van was reasonably foreseeable by

Defendants Toyota Japan and Toyota USA.

29.

The Toyota Defendants' failure to exercise due care, combined with the defects present in the 1986 Toyota Van, proximately caused Delia Bibbs' death.

30.

The Statute of Repose of Georgia, O.C.G.A. § 51-1-11(b)(2), specifically has no application here inasmuch as the Fulton County jury found the subject vehicle to be defective in 1994 and that finding was agreed to by the Toyota Defendants in Plaintiff's favor when the Toyota Defendants, by and through its legal counsel, entered into a confidential "High/Low" contractual agreement and did not appeal the jury's finding.

## COUNT TWO
(Strict Liability of Toyota Japan and Toyota USA)

31.

Plaintiff Anthony Bibbs Sr. incorporates by reference the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

32.

The Toyota Defendants are strictly liable in tort to Plaintiff Anthony Bibbs Sr. for Delia Bibbs' premature and untimely death because the defective 1986 Toyota Van, when distributed and sold by the Toyota Defendants, was not

merchantable and was not reasonably suited to the use intended, said defective condition having existed at the time of sale. Plaintiff Anthony Bibbs Sr. further shows that the defects existing in said vehicle include, but are not necessarily limited to, the following:

      (a)   a defective design of the seat belt and console interface which allowed for unexpected and unintentional opening of the belt during collisions;

      (b)   a defective door latching/locking assembly which allowed for unexpected and unintentional opening of doors during collisions;

      (c)   lack of crashworthiness; and

      (d)   the failure to warn and to continue to warn users, purchasers and registered owners of such vehicles, including Delia Bibbs, Anthony Bibbs, and Kent and Nina Cochran, by letter, recall notice, or other reasonable means of the dangerous characteristics and properties of the 1986 Toyota Van.

33.

The defects present in the 1986 Toyota Van proximately caused Delia Bibbs' death.

34.

The Statute of Repose of Georgia, O.C.G.A. § 51-1-11(b)(2), specifically has no application here inasmuch as the Fulton County jury found the subject

vehicle to be defective in 1994 and that finding was agreed to by the Toyota Defendants in Plaintiff's favor when the Toyota Defendants, by and through its legal counsel, entered into a confidential "High/Low" contractual agreement and did not appeal the jury's finding.

## COUNT THREE
(Negligence of Defendant Jason Tindell)

35.

Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 23 as if set forth herein.

36.

Defendant Jason Craig Tindell had a duty to regard the stop signal at Old Peachtree Road and S.R. 20 and to exercise reasonable care to avoid striking the 1986 Toyota Van Delia Bibbs was driving. Defendant Tindell breached his duty to regard the stop signal and to exercise reasonable care with respect to the 1986 Toyota Van, and in so doing was negligent and acted in a willful and wanton manner with a conscious indifference to the consequences.

37.

Defendant Tindell's failure to regard the stop sign, combined with Toyota Japan's and Toyota USA's failure to exercise due care and the defects present in the 1986 Toyota Van, proximately caused Delia Bibbs' death.

## COUNT FOUR
(Litigation Expenses for Conduct of
Defendants Toyota Japan and Toyota USA)

38.

Plaintiff Anthony Bibbs, Sr. incorporates by reference the allegations contained in Paragraphs 1 through 34 as if set forth herein.

39.

As evidenced by the facts set forth above, the Toyota Defendants have acted in bad faith, have been stubbornly litigious and have caused Plaintiff Anthony Bibbs, Sr. unnecessary trouble and expense, thereby entitling them to recover litigation expenses and attorneys' fees pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF AND DAMAGES

WHEREFORE, Plaintiffs pray for the following relief:

(a) That Plaintiffs have a trial by jury;

(b) That the Court find that the Toyota Defendants are estopped from contesting their liability for negligence and strict liability and that Defendant Tindell is estopped from contesting his liability for negligence pursuant to the authority found in Winding River Vill. Condo. Ass'n, Inc. v. Barnett, 218 Ga. App. 35, 37, 459 S.E. 2d 569, 572 (1995).

(c) That Plaintiff Anthony R. Bibbs, as surviving spouse of Delia

Bibbs, have and recover from the Toyota Defendants, jointly and severally, compensatory damages for the wrongful death of Delia Bibbs, the measure of which under Georgia law is the full value of her life, both economic and intangible, as determined by the enlightened conscience of a fair and impartial jury;

(d) That Plaintiffs have and recover from the Defendant Tindell compensatory damages for the wrongful death of Delia Bibbs, the measure of which under Georgia law is the full value of her life, both economic and intangible, as determined by the enlightened conscience of a fair and impartial jury;

(e) That the Court award Plaintiff Anthony R. Bibbs his costs, attorneys' fees and litigation expenses incurred in bringing this action; and

(f) That Plaintiffs have such other and further relief as this Court deems just and proper.

                                      BUTLER, WOOTEN, CHEELEY & PEAK, LLP

                                      BY:   /s/ Robert D. Cheeley
                                            ROBERT D. CHEELEY
                                            GEORGIA BAR NO. 122727
                                            ROBERT H. SNYDER
                                            GEORGIA BAR NO: 404522
                                            CHRISTOPHER B. MCDANIEL
                                            GEORGIA BAR NO. 101357

2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700

                    FRYER, SHUSTER & LESTER, P.C.

             BY:   /s/ Keith E. Fryer
                      KEITH E. FRYER
                      GEORGIA BAR NO. 279037

1050 Crown Point Parkway, Suite 410
Atlanta, Georgia 30338-7701
(404) 668-9300

# CERTIFICATE OF SERVICE

This is to certify that on July 30, 2015, I electronically filed Plaintiffs' First Amended Complaint with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Richard H. Willis
>Bowman & Brooke LLP
>1441 Main Street, Suite 1200
>Columbia, SC 29209
>
>William D. Harrison
>Mozley, Finlayson & Loggins, LLP
>One Premier Plaza, Suite 900
>5605 Glenridge Drive
>Atlanta, Georgia 30342-1386

>BUTLER, WOOTEN, CHEELEY & PEAK, LLP
>
>
>BY:   /s/ Robert D. Cheeley
>        ROBERT D. CHEELEY
>        GEORGIA BAR NO. 122727
>        ROBERT H. SNYDER
>        GEORGIA BAR NO: 404522
>        CHRISTOPHER B. MCDANIEL
>        GEORGIA BAR NO. 101357

2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700